UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-09183-FLA (ASx) | Date | December 29, 2022 |
| Title | JC Pacific Investment, LLC v. Simon Han, et al. | | |

| | |
|---|---|
| Present: The Honorable | FERNANDO L. AENLLE-ROCHA<br>UNITED STATES DISTRICT JUDGE |
| T. Freeman | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:     (IN CHAMBERS) ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT, CASE NO. 22STUD01290**

Plaintiff JC Pacific Investment, LLC filed this unlawful detainer action against Defendants Simon Han d/b/a Yuk-Ga Korean Cuisine and Does 1-10 on May 16, 2022, in Los Angeles County Superior Court, Case Number 22STUD01290.  Dkt. 1 at 24-27.  On December 19, 2022, Defendants removed this action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  *Id.* at 2.  Where a federal district court lacks subject matter jurisdiction, it must remand the case, and has the discretion to do so sua sponte.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court REMANDS this case to the Los Angeles County Superior Court.

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction"; thus, "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Defendants assert removal is proper on the basis of federal-question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332(a).  Dkt. 1 at 2.  The court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:22-cv-09183-FLA (ASx) | Date | December 29, 2022 |
|---|---|---|---|
| Title | JC Pacific Investment, LLC v. Simon Han, et al. | | |

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)). Because Plaintiff's complaint contains only an unlawful detainer claim arising under California Code of Civil Procedure § 1161, Dkt. 1 at 24-27, a federal question does not present itself. *See IndyMac Federal Bank, F.S.B. v. Ocampo*, Case No. 5:09-cv-02337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, Case No. 5:09-cv-01660-PSG (RCx), 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

Defendants assert federal-question jurisdiction exists under 11 U.S.C. § 362 and 15 U.S.C. § 1667, and state they filed for bankruptcy in federal district court on August 8, 2022. Dkt. 1 at 2. While federal district courts have original and exclusive jurisdiction over cases brought under Title 11 of the bankruptcy code, *see* 28 U.S.C. § 1334, the unlawful detainer claim at issue here arises under state law, not the bankruptcy code. *See U.S. Bank. Nat'l Ass'n v. Azam*, Case No. 8:13-cv-00633, 2013 WL 12130577, at *2 (C.D. Cal. Apr. 30, 2013). 15 U.S.C. § 1667 provides definitions for terms used in the Consumer Leases provisions of the Consumer Credit Protection Act. This statute does not provide a basis for federal-question jurisdiction in this unlawful detainer action. Accordingly, removal pursuant to 28 U.S.C. § 1331 is improper.

Nor is removal proper under diversity jurisdiction. For diversity jurisdiction, the amount in controversy must "exceed[] the sum or value of $75,000" and the parties must be diverse. 28 U.S.C. § 1332. Here, Defendants have not pleaded facts to show that the parties are diverse. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016) ("The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction.").

The court, therefore, concludes it lacks subject matter jurisdiction and REMANDS this action to the Los Angeles County Superior Court, Case No. 22STUD01290. Plaintiff's Motion for Remand of Action to State Court ("Motion to Remand," Dkt. 12) is DENIED as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-09183-FLA (ASx) | Date | December 29, 2022 |
| Title | JC Pacific Investment, LLC v. Simon Han, et al. | | |

moot.[1]

      This is Defendants' second attempt to remove this action to federal court, and the court previously remanded this case to the Los Angeles County Superior Court on November 21, 2022, in Case 2:22-cv-08279-JLS (JEMx), Dkt. 9, for the same reasons identified in this Order.   Plaintiff seeks $1,500 in monetary sanctions as a result.   Plaintiff, however, provides no evidence to establish that the requested sanctions are appropriate.[2]   Accordingly, Plaintiff's request for sanctions is DENIED without prejudice.   Defendants are warned that further attempts to remove this action improperly may result in the imposition of sanctions, including all reasonable attorney's fees and costs Plaintiff has incurred in responding to Defendants' multiple improper attempts to remove this action to federal court.

      IT IS SO ORDERED.

                                                                       :

Initials of Preparer    tf

---

[1] Plaintiff failed to comply with the procedural requirements to bring the Motion to Remand, including Local Rules 6-1 and 7-3.   The court advises the parties that it expects them to comply fully with all statutory requirements and court rules.

[2] Plaintiff requested sanctions of $1,500 in its Motion to Remand.   Plaintiff, however, did not cite any legal basis for the request, state facts supporting the amount of sanctions requested, or provide Defendants with sufficient notice of and opportunity to respond to Plaintiff's request.   The court, therefore, will not consider Plaintiff's request at this time.